JAP:RTP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 M 546**

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   -against-

NELSON PEREIRA,
    also known as
    "Gemelo,"

           Defendant.

AFFIDAVIT IN SUPPORT OF
REMOVAL TO THE DISTRICT OF
PUERTO RICO

(Fed. R. Crim. P. 5(c))

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        MANUEL REGO, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

        Upon information and belief, on or about May 24, 2012, a grand jury sitting in the District of Puerto Rico returned an indictment against the defendant NELSON PEREIRA, also known as "Gemelo," charging him with conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii). On or about May 24, 2012, an arrest warrant was issued by the United States District Court for the District of Puerto Rico commanding the defendant's arrest on those charges.

        The source of your deponent's information and the grounds for his belief are as follows:

        1.    I have been a DEA Special Agent for 7 years.

        2.    On or about May 24, 2012, a grand jury sitting in the District of Puerto Rico returned an indictment against the

defendant NELSON PEREIRA, also known as "Gemelo," charging him with conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii). On or about May 24, 2012, an arrest warrant was issued by the United States District Court for the District of Puerto Rico commanding the defendant's arrest on those charges. A copy of the indictment and arrest warrant are attached hereto as Exhibit A.

3.   On June 6, 2012, I went to the defendant's place of employment at John F. Kennedy International Airport in Queens, New York. I identified myself to the defendant as a law enforcement officer and asked him his name, social security number and date of birth. The defendant's responses matched the defendant's pedigree information that I was provided by DEA special agents in Puerto Rico. I also observed that the defendant's physical appearance matched the photograph of the defendant that DEA special agents had provided.

4.   In addition, the defendant had in his possession a New Jersey driver's license in the name Nelson Pereira. The pedigree information on the driver's license, i.e., the name, date of birth and address, matched the defendant's pedigree information provided to me by DEA special agents in Puerto Rico. I observed that the photograph on the license matched the photograph that the DEA special agents provided. Moreover, the defendant informed me that he had previously worked at Newark International Airport in Newark, New Jersey, which was consistent

2

with information regarding the defendant's employment history provided to me by the DEA special agents in Puerto Rico.

5.   It is the desire of the United States Attorney for the District of Puerto Rico that the defendant NELSON PEREIRA, also known as "Gemelo," be removed to that district for prosecution.

WHEREFORE, it is respectfully requested that the defendant NELSON PEREIRA, also known as "Gemelo," be removed to the District of Puerto Rico so that he may be dealt with according to law.

Manuel Rego
Special Agent
Drug Enforcement Administration

Sworn to before me this
6th day of June, 2012

THE HONORABLE JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

3